E-FILED
Tuesday, 02 May, 2006  01:53:12 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| SHERRY GLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-1089 |
| | ) | |
| ADAMS METALS CORP., an | ) | |
| Illinois Corporation. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Sherry Glas' Motion to Remand [#5]. On April 6, 2002, Defendant Adams Metals Corporation filed a Notice of Removal of Plaintiff's case from the Ninth Judicial Circuit Knox County to the United States District Court for the Central District of Illinois. The sole basis for the removal was the presumption that one of Plaintiff's claims arose under the Employee Retirement Security Income Act of 1974, 29 U.S.C. § 10001, et seq. and therefore fell within the exclusive jurisdiction of the federal courts.

Plaintiff has now filed the instant Motion to Remand claiming that this case should be remanded to state court because Count II of Plaintiff's Complaint, which was the count that Defendant believed provided the federal courts with jurisdiction, is now moot. Apparently, on April 1, 2006, Plaintiff and her husband signed a COBRA election in favor of the contract holder Adams Metals Corporation and therefore Plaintiff and her husband no longer have a claim for lack of COBRA notification under ERISA or under any applicable Illinois statute relating to the continuation of health and medical coverage as a former employee of Adams Metals Corporation. Accordingly, Plaintiff concedes that Count II of her Complaint is moot.

2

Therefore, Plaintiff's only remaining claim is that Defendant violated the Illinois Whistleblowers' Act. As this is a state law claim for less than $75,000, Plaintiff argues that this Court does not have the necessary jurisdiction to support removal and therefore this case should be remanded to state court.

Defendant did not respond to Plaintiff's Motion to Remand and therefore the Court presumes that Defendant does not oppose Plaintiff's Motion. As it appears that this Court lacks jurisdiction to hear this case, Plaintiff's Motion to Remand [#5] is GRANTED and this case is remanded to state court.

ENTERED this 2nd day of May, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge